UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GINO MARIO RECCHIA, III, individually and as owner of MASS ARMAMENT, LLC, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts, and TERRENCE M. REIDY, in his official capacity as Secretary of the Executive Office of Public Safety and Security of the Commonwealth of Massachusetts, <br><br> Defendants. | CIVIL ACTION <br> NO. 1:24-cv-12560-RGS |

**DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Defendants Andrea Joy Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts, and Terrence M. Reidy, in his official capacity as the Secretary of the Massachusetts Executive Office of Public Safety and Security, hereby move to dismiss the first amended complaint, ECF No. 26, which challenges Massachusetts's restrictions on certain semiautomatic assault weapons and large-capacity magazines, Mass. Gen. Laws ch. 140, §§ 121 and 131M, as amended by the recent "Act Modernizing Firearm Laws," Mass. St. 2024, ch. 135.  The amended complaint is subject to dismissal for at least two reasons.

First, the First Circuit's recent decisions in *Ocean State Tactical, LLC v. Rhode Island*, 95 4th 30 (1st Cir. 2024), *cert. denied* --- S.Ct. ---, 2025 WL 1549866 (June 2, 2025), and *Capen v. Campbell*, 134 F.4th 660 (2025), foreclose the plaintiffs' Second Amendment challenge to the restrictions.  Second, plaintiffs fail to state a violation of either the dormant Commerce Clause or

1

the Fourteenth Amendment's Equal Protection Clause, because those claims remain virtually identical to those raised in the first complaint, which the Court already dismissed without prejudice, see ECF No. 19.  For these reasons, the amended complaint should be dismissed, with prejudice.  *See* Fed. R. Civ. P. 12(b)(6).

WHEREFORE, the defendants respectfully request that the Court dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice.

Respectfully submitted,

ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts, and TERRENCE REIDY, in his official capacity as the Secretary of the Executive Office of Public Safety and Security,

By their attorneys,

*/s/ Vanessa A. Arslanian*
Vanessa A. Arslanian, BBO No. 688099
Assistant Attorney General
Massachusetts Office of the Attorney General
Constitutional and Administrative Law Division
One Ashburton Place
Boston, MA  02108
(617) 963-2107
vanessa.arslanian@mass.gov

Dated: June 30, 2025

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that prior to filing this motion I contacted counsel for plaintiffs by email on June 28, 2025, and again on June 30, 2025, to conference the motion. I was unable to obtain plaintiffs' position on the motion prior to filing.

/s/ *Vanessa A. Arslanian*
Vanessa A. Arslanian
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/ *Vanessa A. Arslanian*
Vanessa A. Arslanian
Assistant Attorney General

Dated: June 30, 2025